1  CIRO HERNANDEZ, ESQ SB#174791
   551 Third Avenue
2  Chula Vista, CA 91910
   Telephone: (619) 266-0389
3  Fax:        (619) 501-2493



FILED
MAY 27 2008
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 08cr1363BTM |
|  | DATE:   May 27, 2008 |
|  | Time>   11:00 a.m. |
|  | Court 15 |
|  | Judge: Hon Barry Moskowitz |
| Plaintiff | DEPOSITION ORDER FOR MATERIAL WTNESSES |
| v. |  |
| ROGER VALDEZ-ARIZPE (1) GUILLERMO SORIA-VALDEZ (2) |  |
| Defendants |  |

## ORDER

Upon request of material witness(es) (hereinafter "material witness(es)" or "the witness(es) JOSE MANUEL RAMIREZ-FAUSTINO and GERARDO SANCHEZ-TELLO, and their counsel Ciro Hernandez, and good cause appearing:

The material witnesses being held in custody is case number 08cr1363BTM shall be deposed on June 9, 2008 at 11 A.M. The deposition will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California.

2. All parties, meaning the United States and the defendant(s) shall attend the material witness deposition. The arresting agency shall bring the material witness to the deposition. If, in custody, the defendant shall be brought separately to the deposition and a

1  marshal shall remain present during the proceeding.

2

3      3.    The United States Attorney's Office shall provide a videotape operator ("operator")
4  and, if necessary, arrange for a court-certified interpreter to be present for the material
5  witness(es). The cost of the interpreter for the material witness(es) shall be borne by the United
6  States Attorney's Office.

7      4.    If the defendant(s) needs an interpreter other than the interpreter for the material
8  witness(es) (if any), then defense counsel shall arrange for a court-certified interpreter to be
9  present. The cost of a separate interpreter for the defendant(s) shall be paid by the Court.

10     5.    The United States Attorney's Office shall arrange for a certified court reporter to be
11 present. The court reporter shall stenographically record the testimony, serve as a notary and
12 preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure.
13 The cost of the court reporter shall be borne by the United States Attorney's Office.

14     6.    The deposition shall be recorded by videotape, meaning a magnetic tape [or digital] that records
15 sound as well as visual images. At the conclusion of the deposition, on the record, the
16 witness(es) or any party may elect to have the witness(es) review the videotape record of the
17 deposition to check for errors or omissions and to note any changes. Any errors, omissions or
18 changes, and the reasons for making them, shall be stated in writing, signed by the witness(es),
19 delivered to the notary in sealed envelope and filed in the same fashion as described in Paragraph
20 17 below, unless the parties agree on the record to a different procedure.

21     7.    The operator shall select and supply all equipment required to videotape the
22 depostion and shall determine all matters of staging and technique, such as number and
23 placement of cameras and microphone, lighting, camera angle, and background. The operator
24 shall determine these matters in a manner that accurately reproduces the appearance of the
25 witness(es) and assures clear reproduction of both the witness(es)' testimony and the statements
26 of counsel. The witness(es), or any party to the action, may object on the record to the manner in

27

28                                         08cr1363BTM                          2

1  which the operator handles any of these matters. Any objections shall be considered by the Court
2  in ruling on the admissibility of the videotape record. All such objections shall be deemed
3  waived unless made promply after the objector knows, or had reasonable grounds to know, of the
4  basis for such objections.
5      8.    The deposition shall be recorded in a fair, impartial and objective manner. The
6  videotape equipment shall be focused on the witness(es): however, the operator may, when
7  necessary or appropriate, focus upon charts, photgraphs, exhibits, or like material being shown to
8  the witness(es)
9      9.    Before examination of the witness(es) begins, the Assistant U.S. Attorney shall state
10 on the record his/her name: the date, time and place of the deposition; the name of the
11 witness(es); the identity of the parties and the names of all persons present in the deposition
12 room. The court reporter shall then swear the witness(es) on the record. Prior to any counsel
13 beginning an examination of the witness(es), that counsel shall identify himself/herself and
14 his/her respective client on the record.
15     10.    Once the deposition begins, the operator shall not stop the videotape recorder until
16 the deposition concludes, except that, any party or the witness(es) may request a brief recess,
17 which request will be honored unless a party objects and specifies a good faith basis for the
18 objection on the record. Each time the recording is stopped, the operator shall state on the record
19 the time the recording stopped and the time it resumed. If the deposition requires the use of more
20 than one tape, or disk, the operator shall sequentially identify on the record the end and beginning of each
21 tape.
22     11.    All objections both as to form and substance shall be recorded as if the objection
23 had been overruled. The Court shall rule on objections at the appropriate time. The party raising
24 the objections(s) shall prepare a transcript for the Court to consider. All objections shall be
25 deemed waived unless made during the depostion. If a party wishes to have the Court Rule on a objection, the parties will contact the Court to receive a ruling, prior to continuing the deposition.
26     12.    The party offering the deposition into evidence at trial shall provide the Court with
27
28                                   08cr1363BTM                            3

1  transcript of the portion so offered.

2     13. Copies of all exhibits utilized during the videotape depositions shall be attached to
3  the videotaped record.

4     14. All the conclusions of the deposition, any objection, including the basis, to release
5  of the material witness(es) from custody shall be stated on the record. If there is no objection, the
6  attorney for the material witness(es) shall immediately serve all parties with a "Stipulation and
7  Proposed Order for Release of the Material Witness(es) and submit the Order to the Clerk of
8  Court for the Judge's signature. Prior to release from custody the attorney for the Government
9  shall serve the material witness(es) with a subpoena for the trial date and travel fund advance
10  letter.

11     15. The operator shall provide a copy of the videotaped deposition to any party who
12  requests a copy of that party's expense. After preparing the requested copies, if any, the operator
13  shall deliver the original videotape to the notary along with a certificate signed by the operator
14  attesting that the videotape is an accurate and complete record of the videotaped deposition. The
15  operator shall then deliver the videotape to the notary along with a certificate signed by the
16  operator attesting that it is an accurate and complete recording of the deposition. The notary
17  shall file the original tape and certification with the Clerk of Court in a sealed envelope marked
18  with the caption of the case, the name of the witness(es) and the date of the deposition.

19     16. The notary shall file with the Clerk of Court in a sealed envelope the original
20  videotape, along with any exhibits offered during the deposition. The sealed envelope shall be
21  marked with the caption of the case, the name of the witness(es) and the date of the deposition.
22  To that envelope, the notary shall attach the certificate of the operator. <u>If all counsel stipulate on
23  the record, the Government may maintain the original videotape until production is ordered by
24  the Court or requested by any party.</u>

25     17. Unless waived by the parties, the notary shall give notice to all parties of the filing
26  of the videotaped deposition with the Court pursuant to the Federal Rule of Civil Procedure

27

28                                08cr1363BTM                                4

1  30(f)(3).

2      18.   If any party objects on the record to the release of the material witness(es) from
3  custody, the objecting party must request in writing a hearing on the issue before the federal
4  judge who is assigned the case or to such other district judge or magistrate judge as they
5  designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the
6  Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a
7  courtesy copy to chambers.</u>  The Court will set a briefing schedule, if appropriate, and a date and
8  time for the objection to be heard as soon as resonably practicable. At the hearing, the objecting
9  party must establish to the Court's satisfaction an appropriate legal basis for the material
10 witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material
11 witness(es) the material witness(es)' attorney shall immediately present the release order to the
12 Court for signature and filing. Before release of the material witness(es) from custody, the
13 Government shall serve the material witness(es) with a subpoena for the trial date and travel fund
14 advance letter.

15     **IT IS SO ORDERED.**

16

17 Dated 5-27-08

18                                  United States Districe Court Judge