1  KAREN P. HEWITT
   United States Attorney
2  NICOLE ACTON JONES
   Assistant U.S. Attorney
3  California State Bar No. 231929
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5482
   E-mail: nicole.jones@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10
   UNITED STATES OF AMERICA,              ) Criminal Case No. 08CR1363-BTM
11                                         )
                 Plaintiff,                )
12                                         ) **GOVERNMENT'S MOTION FOR:**
                                           )
13      v.                                 ) **(1) FINGERPRINT EXEMPLARS**
                                           ) **(2) RECIPROCAL DISCOVERY**
14                                         )
   ROGER VALDEZ-ARIZPE (1),                ) **TOGETHER WITH STATEMENT OF FACTS**
15 GUILLERMO SORIA-VALDEZ (2)              ) **AND MEMORANDUM OF POINTS AND**
                                           ) **AUTHORITIES**
16                                         )
                 Defendant.                ) Date: June 27, 2008
17                                         ) Time: 2:00 p.m.
                                           )
18                                         )
                                           )
19 _____ )

20
        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
21
   Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and
22
   hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced
23
   case. Said motions are based upon the files and records of this case together with the attached statement
24
   of facts and memorandum of points and authorities.
25
   / /
26
   / /
27
   / /
28
   / /

   / /

I

## STATEMENT OF THE CASE

On April 30, 2008, a federal grand jury in the Southern District of California returned a six-count Indictment charging defendants Roger Valdez-Arizpe and Guillermo Soria-Valdez with four counts of Transportation of Illegal Aliens for Financial Gain, in violation of Title 8, United States Code, Section 1324 and one count each of Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On May 1, 2008, both Defendants were arraigned on the Indictment and entered a plea of not guilty.

II

## STATEMENT OF FACTS

**A.     DEFENDANTS' APPREHENSION**

On April 15, 2008, Border Patrol Agent LaHart observed two suspicious vehicles (a tan pickup and a white Mercury) driving in tandem on Tierra Del Sol Road. This location is about 18 miles east of the Tecate, California Port of Entry and is at most 6 miles from the border. Agents LaHart and Hallmark conducted a vehicle stop on the two vehicles. Agent Hallmark stopped the white Mercury and discovered a total of eight illegal aliens, including the driver, Defendant Roger Valdez-Arizpe. Agent LaHart stopped the tan pickup and discovered a total of 18 illegal aliens, including the driver Guillermo Soria-Valdez. Both Defendants were arrested and taken to the Campo Border Patrol Station for further processing.

At the station, both Defendants were advised of their Miranda rights and both Defendants elected to invoke their right to remain silent. After Defendants were processed, it was determined that both Defendants had previously been deported from the United States to Mexico.

**B.     DEFENDANTS' CRIMINAL HISTORY**

        1.     Defendant Roger Valdez-Arizpe

In December 2006, Valdez-Arizpe was convicted of a DUI and was sentenced to 180 days in custody. In July 1996, Valdez-Arizpe was convicted of Robbery with a Firearm and was sentenced to nine years in custody. The United States believes that Valdez-Arizpe has seven criminal history points and is a criminal history category IV.

#### 2. Defendant Guillermo Soria-Valdez

In September 2004 and again in August 2006, Soria-Valdez was convicted of violating California Health and Safety Code Section 11352 and was sentenced to three years in custody in both cases. In January 2001, Soria-Valdez was convicted of violating California Penal Code Section 10851 and was initially sentenced to 270 days in custody and, after a probation revocation, was sentenced to an additional 485 days in custody. In October 1999, Soria-Valdez was convicted of violating California Health and Safety Code Section 11350 and was sentenced to 180 days in custody. The United States believes that Soria-Valdez has at least 14 criminal history points and is a criminal history category VI.

### C. DEFENDANTS' IMMIGRATION HISTORY

#### 1. Defendant Roger Valdez-Arizpe

Valdez-Arizpe was ordered administratively deported from the United States to Mexico on or about March 16, 2005. Valdez-Arizpe was physically removed from the United States to Mexico on March 17, 2005 through the Calexico Port of Entry. Valdez-Arizpe was most recently removed from the United States to Mexico on January 26, 2007, through the San Ysidro Port of Entry.

#### 2. Defendant Guillermo Soria-Valdez

On January 18, 2006, Soria-Valdez waived a hearing before an immigration judge and stipulated to an order of deportation. On January 23, 2006, an immigration judge ordered Soria-Valdez deported from the United States to Mexico. On January 25, 2006, Soria-Valdez was physically removed from the United States to Mexico on through the San Ysidro Port of Entry. Soria-Valdez was most recently removed from the United States to Mexico on February 7, 2006 through the Nogales Port of Entry.

## III

## UNITED STATES' MOTIONS

### A. FINGERPRINT EXEMPLARS

The United States requests that the Court order that each Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761

1  (1966) (withdrawal of blood is not testimonial).  Identifying physical characteristics, including
2  fingerprints, are not testimonial in nature and the collection and use of such evidence does not
3  violate Defendant's Fifth Amendment right against self-incrimination.  <u>United States v. DePalma</u>,
4  414 F.2d 394, 397 (9th Cir. 1969).

**B.    RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 245 pages of discovery and three DVDs. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions be granted.

DATED:  June 20, 2008.

        Respectfully Submitted,

        KAREN P. HEWITT
        United States Attorney

        /s/ *Nicole Acton Jones*
        NICOLE ACTON JONES
        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | Criminal Case No. 08CR1363-BTM |
|                         )                Plaintiff,        ) | |
| v.                        ) | |
| ROGER VALDEZ-ARIZPE (1),        )<br>GUILLERMO SORIA-VALDEZ (2)   ) | CERTIFICATE OF SERVICE |
|                         )                Defendant.        ) | |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Leila Morgan, Federal Defenders of San Diego, Inc.
2. Antonio Yoon
3. Ciro Hernandez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2008.

/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney